UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CITY OF BUFFALO

Plaintiff,

vs.

J. CONRAD SENECA, et al.,

Defendants.

CIVIL ACTION NO:
26-cv-02279

**MEMORANDUM OF LAW IN SUPPORT OF THE CITY OF BUFFALO'S MOTION TO REMAND, AND FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Respectfully submitted,

ROSA ALINA PIZZI, ESQ.
Corporation Counsel

By: */s/ William V. Rossi*
65 Niagara Square
1100 City Hall
Buffalo, New York 14202

## PRELIMINARY STATEMENT

The Seneca Nation of Indians[1] ("SNI") is about to build a massive truck stop 250 feet from the Buffalo River, without a permit or zoning approval from the City of Buffalo. The City sued in State Court asserting two claims: (1) violation of local zoning and permitting law; and (2) public nuisance. The City moved for a temporary restraining Order ("TRO"). Minutes before the TRO hearing, Defendants filed a Notice of Removal, which prevented a ruling on the TRO. The Notice of Removal is defective. This Court should send this case back to its proper forum in State Court.

Defendants' Notice of Removal does not identify a federal *claim*; it identifies a federal *defense—i.e.*, that SNI is immune from State law claims. This is not a basis for removal. *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 140 (2d Cir. 2012) (State's case against Indian Nation for violation of state law by performing construction without permits did not raise a federal question and therefore was not subject to removal). In fact, "it has long been settled that the existence of a federal immunity to the claims asserted does not convert a suit otherwise arising under state law into one which, in the statutory sense, arises under federal law." *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 841 (1989).

The same is true here. The City respectfully requests an Order: (1) remanding this case to New York Supreme Court; and (2) granting a temporary restraining order pending this Court's determination on the City's motion to remand.

[1] SNI is not a party to this action but its President, J.C. Seneca, and members of the Council ("Defendants") are defendants and the City seeks injunctive relief against them in their official capacity.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Relevant facts are stated in the City's Complaint, dated October 7, 2026 ("Complaint") (Doc. Nos. 1-3), affirmations by City personnel: Principal Planner John Fell, DPW Commissioner Nolan Skipper; Permits & Inspections Commissioner Louis Petrucci; and Director of Environmental Affairs Jason Paananen, filed in support of the City's motion for a temporary restraining order and preliminary injunction, [2] and in the accompanying Declaration of William V. Rossi, dated October 9, 2026 ("Rossi Dec.").

After filing the Complaint on October 7, 2026, the City moved by Order to Show Cause for a preliminary injunction and TRO, which was assigned to Hon. Donna Siwek, J.S.C. Doc. No. 1-5. Rossi Dec., ¶ 3-5. Justice Siwek promptly contacted Defendants' counsel, and arranged for a virtual appearance concerning the TRO application for 2:00 pm on October 8, 2026. *Id.* ¶ 5. Minutes before the conference, the Defendants filed the Notice of Removal, preventing the State Court from ruling on the proposed TRO. *Id.* ¶ 6. The City respectfully moves to remand the case to state court, and for a TRO pending the City's motion to remand. *Id.* ¶ 7.

## LEGAL STANDARD

The City seeks an Order remanding this case to state court pursuant to 28 U.S.C. §1447. "A defendant may remove an action originally filed in state court to federal court if the case originally could have been filed in federal court." *Howorka v. KeyBank, N.A.*, No. 25-CV-658-LJV, 2026 WL 864193, at *2 (W.D.N.Y. Mar. 30, 2026). "On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears

[2] References to CMF Document Numbers are cited as "Doc. No. __." The foregoing affirmations are exhibits to Defendants' Notice of Removal, filed at Doc. No. 1-10 (John Fell); Doc. No. 1-12 (Nolan Skipper); Doc. No. 1-13(Louis Petrucci) and Doc. No. 1-14 (Jason Paananen).

the burden of demonstrating that removal was proper." *Hall v. City of Rochester*, No. 25-CV-6426-MAV, 2026 WL 879452, at *2 (W.D.N.Y. Mar. 31, 2026).

Federal courts have subject matter jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In particular, a cause of action arises under federal law "when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (emphasis added). Conversely, positions taken by a defendant do not create subject-matter jurisdiction, nor does "anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 841 (1989).

## ARGUMENT

### I. The Court should remand the case to State Court.

The Defendants' Notice of Removal is defective. As the Defendants acknowledge, federal courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331 (Doc. No. 1, Notice, ¶ 3.) Indeed, as Defendants note:

> A cause of action arises under federal law "when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). "To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936).

Doc. No. 1, Notice of Removal, ¶ 3.

Here, the City's two causes of action sought to enforce State and local law. The Defendants are building a truck stop in the City. Doc. No. 1-14; Paananen Aff. ¶¶ 8-10. By doing so without permits, zoning reviews, or environmental controls, Defendants are violating the City's zoning code and State environmental law. *Id.*; Doc. No. 1-3; Compl.,

¶¶ 75-85. Defendants are also creating a public nuisance by spreading pollutants, disrupting public infrastructure, and creating blight in Buffalo's Old First Ward neighborhood. Compl. ¶¶ 86-97. The claims are based on City and New York State law.

The Notice of Removal fails to show otherwise. Instead, Defendants cite a case that simply does not apply here: *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). The plaintiff in *Grable* sought to quiet title, and challenged defendant's acquisition of title through a tax sale. 545 U.S., at 314. The gravamen of the action was to compare competing title claims, one of which is a matter of federal law. In other words, the plaintiff's causes of action required the application and interpretation of federal law. Neither of the claims here raise or require an application of federal law; indeed, the City's claims would be the same regardless of the developer or parcel owner. In fact, the Second Circuit expressly rejected *Grable* as a basis for federal jurisdiction in the *Shinnecock* case cited above. *Shinnecock*, 686 F.3d 133, 140 ("Unlike *Grable*'s quiet title claim, the claims that the State and Town assert in this case do not "necessarily raise a ... federal issue.").

The same theme holds in the cases mentioned by the Supreme Court in *Grable*. For example, the *Grable* court cited *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987), which actually rejects the Defendants' premise outright: "Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense, <u>including the defense of pre-emption</u>, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis added).

In *Caterpillar*, plaintiffs sued in state court, alleging that the defendant had breached their employment agreements. 482 U.S. at 390. The defendant removed,

arguing that the plaintiffs' contracts were superseded by their collective bargaining agreement, which would control because the federal Labor Management Relations Act preempted state contract law. *Id.* at 388. Plaintiffs' motion for remand was ultimately appealed to the Supreme Court. *Id.*

The Supreme Court first observed that "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* at 392. It went on to hold that "federal pre-emption is raised as a defense to the allegations in a plaintiff's complaint," and as such, a defense of preemption is not grounds for removal.[3]

This principle—that pre-emption is a defense and cannot be the grounds for removal—has been upheld repeatedly since *Caterpillar*. *See Hernandez v. Conriv Realty Assocs.*, 116 F.3d 35, 38 (2d Cir. 1997) ("Federal preemption is a defense, and therefore, the general rule is that even if a state law based cause of action is preempted by federal law, the case cannot be removed"); *Fax Telecommunicaciones Inc. v. AT & T*, 138 F.3d 479, 486 (2d Cir. 1998) ("A claim that federal law preempts all state law causes of action in a given area of the law is ordinarily only a defense to a plaintiff's suit, and accordingly provides no basis for removal."); *Foy v. Pratt & Whitney Grp.*, 127 F.3d 229, 232 (2d Cir. 1997). ("A case may not be removed to federal court on the basis of a defense of federal preemption, even if the defense is anticipated in the complaint, and even if preemption is the only issue in the case"); *Concerned Citizens of Cohocton Valley, Inc. v. New York State Dep't of Env't Conservation*, 127 F.3d 201, 204 (2d Cir.

[3] There is one exception noted by the Court – the complete pre-emption doctrine. It applies only when "the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 393. That does not apply here, since zoning law is not "completely pre-empted."

1997)("A federal defense, including the defense of federal law preemption, generally does not suffice to confer district court jurisdiction over a plaintiff's state law claim.").

The Defendants are trying to read their own federal-law defense into the City's complaint. That approach is precluded under *Caterpillar* and subsequent cases because anticipated federal defenses and allegations relating to those defenses do not create federal jurisdiction. The City is *not* bringing any causes of action under federal law or relying on the interpretation of federal law.

Defendants fail to distinguish *New York v. Shinnecock Indian Nation*, 686 F.3d 133 (2d Cir. 2012). They argue that the *Shinnecock* case is distinct because the Shinnecock Nation lacked federal recognition at the time of the suit. Notice, ¶ 12. This argument is meritless. Federal recognition may have been relevant to the Nation's right to conduct gambling, which is only permitted for recognized tribes. 25 U.S.C. §2703(5)[4]. But that question went to the merits of a *defense*; it had no bearing on removability. *Id.* at 139 ("Because the complaint's references to federal law only anticipate and refute the Shinnecock's defenses, they do not given rise to federal question jurisdiction."). Hence the point supports remand, not removal.

Defendants' citation to *Massachusetts v. Wampanoag Tribe of Gay Head*, 36 F. Supp. 3d 229 (D. Mass. 2014) is also off-point. That case distinguished itself from matters like these, explicitly, because the dispute there "d[id] not concern local zoning regulations." *Id.* at 235 (emphasis added). Rather, the Commonwealth of Massachusetts sought—as part of its well-pleaded complaint—a declaratory judgment stating that "the Aquinnah Tribe has no right to license, open, or operate a gaming establishment on the

[4] Gambling—unlike zoning—may be an example where federal preemption is complete, though that still did not confer jurisdiction in *Shinnecock*.

Settlement Lands." *Id.* at 234. That question, as specifically related to gaming, was the basis for federal jurisdiction, because the Court found "Congress has made the federal interest in Indian gaming very clear." *Id.* at 235-36.

Accordingly, there is no jurisdiction for this Court to hear this case, and it should be remanded to the New York State Supreme Court.

## II. The Court should grant a temporary restraining Order and a preliminary injunction to preserve the status quo at the Site.

The City requests interim relief while this motion to remand is pending under F.R.C.P. 65(a) and (b). A TRO is proper here because the City has meritorious claims that require emergency relief in State Court to avoid irreparable harm, while denying injunctive relief would allow Defendants to race ahead with building an un-permitted truck stop before the TRO application can be heard.

### A. The City is Likely to Succeed on the Merits of its Motion to Remand to State Court.

For the reasons stated above, the City is likely to prevail on the merits of its motion for remand.

### B. City is Likely to Succeed on the Merits of its Underlying Claims.

Injunctive relief is appropriate here because, on remand, the City is likely to succeed on the merits of its substantive claims. Those are matters of state law. But, for context, the Court is respectfully referred to the City's papers requesting an injunction in state court. Doc. Nos. 1-6 to 1-17.

### C. The City Will Suffer Irreparable Harm Without an Injunction.

The truck stop project threatens to cause irreparable harm even before a determination on federal jurisdiction could be made.

"An irreparable harm is a harm for which a monetary award cannot be adequate." *Kunz v. New York State Comm'n on Jud. Conduct*, 356 F. Supp. 2d 188, 195 (N.D.N.Y. 2005) *citing Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d 70, 72 (2d Cir. 1979). The tangible harm here could not be un-done through money. Permitting and environmental laws aim to keep communities safe, sustain local infrastructure, and prevent pollution. The spread of contaminated soil endangers the surrounding neighborhood and the Buffalo River. Installing gas tanks without a fire-safety review, taking curb cuts without a traffic study, and spreading contaminants near a freshwater source without a SEQRA review all risk irreparable damage to the community.

Irreparable harm is threatened where, as here, a party is performing construction or demolition activities in defiance of law. "Aesthetic and environmental injuries are typically irreparable because they are "seldom adequately remedied by money damages" and are "often permanent or at least of long duration." *Nat'l Tr. for Historic Pres. v. Nat'l Park Serv.,* 827 F. Supp. 3d 93, 114 (D.D.C. 2026), *opinion clarified sub nom. Nat'l Tr. for Historic Pres. in United States v. Nat'l Park Serv.,* No. CV 25-4316 (RJL), 2026 WL 1027744 (D.D.C. Apr. 16, 2026) *quoting Brady Campaign to Prevent Gun Violence v. Salazar,* 612 F. Supp. 2d 1, 25 (D.D.C. 2009). *See also Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 545. ("Environmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration, i.e., irreparable.")

Furthermore, interference with a government's enforcement of its own duly-enacted laws has been found to constitute irreparable harm: *see, e.g. Maryland v. King*, 567 U.S. 1301, 1303 (2012) ("That Maryland may not employ a duly enacted statute to help prevent these injuries constitutes irreparable harm.").

### D. The Balance of Equities and the Public Interest favor the City

"In assessing these factors, the court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief, as well as the public consequences in employing the extraordinary remedy of injunction." *Make the Rd. New York v. Cuccinelli*, 419 F. Supp. 3d 647, 665 (S.D.N.Y. 2019), *aff'd as modified sub nom. New York v. United States Dep't of Homeland Sec.,* 969 F.3d 42 (2d Cir. 2020).

Here, as in *Cuccinelli*, "preventing the alleged economic and public health harms provides a significant public benefit." 419 F. Supp. at 665-66. Likewise, there is both a public interest and an equitable interest for a city "in allowing its duly enacted laws to take effect." *DoorDash, Inc. v. City of New York*, No. 25 CIV. 10268 (GBD), 2026 WL 181657, at *6 (S.D.N.Y. Jan. 23, 2026).

## CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court grant the City's motion for remand, and issue a temporary restraining order and a preliminary injunction allowing for the immediate preservation of the status quo.

Dated: Buffalo, New York
October 9, 2026

ROSA ALINA PIZZI, ESQ.
Corporation Counsel

By.: s/William V. Rossi
William V. Rossi
Deputy Corporation Counsel
65 Niagara Square
1100 City Hall
Buffalo, New York 14202

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2026, the foregoing memorandum of law, the Declaration of William V. Rossi affirmed October 9, 2026, and the Notice of Motion dated October 9, 2026 were filed through the Court's electronic filing system and that copies of the papers filed were served on attorneys of record for Defendants:

Akin, Gump, Strauss, Hauer & Feld LLP - DC
2001 K Street N.W.
Washington, DC 20006
mgodfrey@akingump.com

Dated: Buffalo, New York
October 9, 2026

ROSA ALINA PIZZI, ESQ.
Corporation Counsel

By.: s/William V. Rossi
William V. Rossi