UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CITY OF BUFFALO,

Plaintiff,

v.

J. CONRAD SENECA, *in his official capacity as Council President of the Seneca Nation of Indians; et al.*,

Defendant.

26-CV-2279-MAV

**DECISION & ORDER**

## INTRODUCTION

On October 8, 2026, Defendants, the Council President and the other Council Members of the Seneca Nation of Indians in their respective official capacities ("the Seneca Nation"), collectively filed a notice of removal from the New York State Supreme Court, County of Erie. ECF No. 1; *see* 28 U.S.C. § 1441. Plaintiff, the City of Buffalo ("the City"), timely filed a motion to remand, alleging that the Seneca Nation has failed to demonstrate this Court has federal question subject matter jurisdiction. ECF No. 5. The Seneca Nation opposes. ECF No. 18. For the reasons that follow, the City's motion is granted, and this action shall be remanded to state court.

## BACKGROUND

The Seneca Erie Gaming Corporation purchased the property located at 5 Miami Street in the City of Buffalo ("the Site") in 2007. ECF No. 1-3 ¶ 49. In November 2022, title to the Site was transferred to the Seneca Nation. *Id.* ¶ 50. The following month, the Seneca Nation applied for "restricted fee" status for the Site

under the Seneca Nation Settlement Act. *Id.* ¶ 51. In February 2023, the Department of the Interior allowed the site to pass into restricted fee status. *Id.* ¶ 9.

Between 2022 and September 2026, the Seneca Nation exercised no physical control over the Site. *Id.* ¶ 53. However, on September 17, 2026, construction crews from the Seneca Nation commenced fencing off the Site and employing heavy machinery to stage the Site for the construction of a gas station and truck stop without obtaining permits required by local law. *Id.* ¶¶ 82–83.

On October 7, 2026, the City commenced the instant action by filing a complaint in New York State Supreme Court, Erie County, alleging two causes of action under state law: "Ongoing and Prospective Violations of the Buffalo Uniform Development Ord[i]nance, the Buffalo City Code, and the New York Building Code," and "Public Nuisance." ECF No. 1-3. The following day, the Seneca Nation filed a notice of removal to remove the case to this Court. ECF No. 1. On October 9, the City filed the motion presently before the Court, seeking remand to state court and a temporary restraining order. ECF No. 5. The Court heard argument on the City's motion on October 13, 2026. ECF No. 19.

## LEGAL STANDARD

Under 28 U.S.C. § 1441, "a state-court defendant may remove a civil action to federal court if the action could have been filed in federal court in the first place." *Solomon v. St. Joseph Hosp.*, 62 F.4th 54, 60 (2d Cir. 2023). As relevant here, § 1441(a) provides that a state-court action may be removed to federal court if it qualifies as a "civil action . . . of which the district courts of the United States have

original jurisdiction," unless Congress expressly provides otherwise.

28 U.S.C. § 1447(c) authorizes federal courts to remand a case "on the basis of any defect in removal procedure" or because "the district court lacks subject matter jurisdiction." *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994). On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper. *Sandhu v. Citibank, N.A.*, 758 F. Supp. 3d 162, 164 (W.D.N.Y. 2024) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) ("[T]he burden falls squarely upon the removing party to establish its right to a federal forum by competent proof." (citation omitted))); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.").

## DISCUSSION

The City argues that remand to state court is warranted because its complaint raises two causes of action to enforce state and local law, and the Seneca Nation has failed to demonstrate that the Court has federal question subject matter jurisdiction. ECF No. 5-1 at 5–6. The Seneca Nation, on the other hand, argues that the City's complaint necessarily raises a federal question because the City's claims turn on a question of federal law. That is, the Seneca Nation maintains that this Court has federal question subject matter jurisdiction because ruling on the City's claims necessarily requires the Court to assess the validity of the United States Department of the Interior's decision to allow the Site to pass into "restricted fee status" in 2023

under the Seneca National Settlement Act of 1990 (25 U.S.C. § 1774 *et seq.*), and thus whether federal law has pre-empted the application of state and local law to the development of the Site. The Court agrees with the City.

**I. Legal Principles**

The Supreme Court has "long held that '[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475–76 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet*, 522 U.S. at 475 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)).

To be sure, the Supreme Court has conceded that the well-pleaded complaint rule

> may produce awkward results, especially in cases in which neither the obligation created by state law nor the defendant's factual failure to comply are in dispute, and both parties admit that the only question for decision is raised by a federal preemption defense. Nevertheless, [the rule] has been correctly understood to apply in such situations. As [the Supreme Court] said in *Gully*, "By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby."

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 12 (1983) (footnotes omitted; quoting *Gully v. First National Bank*, 299 U.S. 109, 116 (1936)).

As the Seneca Nation points out, the Supreme Court has recognized exceptions

to the well-pleaded complaint rule, the most pertinent of which to the present case is the "substantial federal question" exception.[1] The substantial federal question exception allows "that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). To demonstrate federal question jurisdiction under this exception, the plaintiff must show that in the complaint at issue, "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable*, 545 U.S. at 312).

**II. Application**

Despite the City's statement in its complaint that "[t]he status of the Site [under federal law] is not dispositive," (ECF No. 1-3 ¶ 10), the Seneca Nation argues that the substantial federal question exception as set forth in *Grable* applies to establish subject matter jurisdiction here. The Court disagrees.

The Second Circuit has distinguished circumstances like those presented in the instant case – to which the substantial federal question exception does not apply – from circumstances such as those presented in *Grable* that warrant application of

---

[1] The Supreme Court has also identified an "artful pleading doctrine" exception. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475–76 (1998). The artful pleading doctrine allows that where a court concludes that a plaintiff has "artfully pleaded" claims by omitting to plead necessary federal questions, a court "may uphold removal even though no federal question appears on the face of the plaintiff's complaint." *Id.* at 475. "The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Id.* (citing, *inter alia*, *Avco Corp. v. Machinists*, 390 U.S. 557, 560 (1968) (upholding removal based on the preemptive effect of § 301 of the Labor Management Relations Act, 1974)).

the exception. For instance, in considering whether a district court had federal question jurisdiction where a municipality sought relief under state law for the Shinnecock Indian Nation's attempts to construct a casino without complying with state and local law, the Second Circuit explained:

> The [*Grable*] case involved a state law action [the plaintiff] had brought asserting superior title to certain real property the IRS had seized to satisfy Grable's federal tax delinquency . . . .
>
> Because [the plaintiff] premised its quiet title claim on the IRS's failure to give it adequate notice, whether the notice complied with the federal statute was an essential element of its claim . . . . The [Supreme] Court went on to conclude that the meaning of the federal tax provision was actually disputed and was an important issue of federal law, and that federal jurisdiction over the case would not disturb "the federal-state division of labor." . . . . The exercise of federal question jurisdiction over *Grable's* action was thus appropriate.
>
> Unlike *Grable's* quiet title claim, the claims that the State and Town assert in this case do not "necessarily raise a . . . federal issue." . . . . The question whether the Shinnecock's construction of the casino would violate state and local law is distinct from the questions whether sovereign immunity from suit under federal law bars these actions and whether federal law precludes the State and Town from regulating the Shinnecock's activities [on the disputed site for the casino]. For example, if the Shinnecock were to have established that their construction of the casino complied with state and local law, the court could have resolved the case without reaching the federal issues. Because the claims do not necessarily raise a federal issue, the substantial federal question exception to the well-pleaded complaint rule does not apply.

*New York v. Shinnecock Indian Nation*, 686 F.3d 133, 139–41 (2d Cir. 2012) (footnotes and internal citations omitted).

The Second Circuit's reasoning in *Shinnecock* is applicable in the instant case, in which the question of whether the Seneca Nation's development of the Site violates state and local law is distinct from the question as to whether federal law precludes

the City from regulating development of the Site. Here, as in *Shinnecock*, were the Seneca Nation to establish that its development of the Site in fact complied with state and local law, a court could resolve the City's claims without reaching the federal issue. Therefore, the City's claims do not necessarily raise a federal issue on their face, the Seneca Nation cannot satisfy the first *Grable* element (that the federal issue is "necessarily raised"), and the substantial federal question exception does not apply.

Accordingly, the Seneca Nation has failed to establish federal question subject matter jurisdiction, and the case must be remanded to state court. Because remand of this matter removes it from the Court's jurisdiction, the City's request for temporary injunctive relief is denied as outside of the Court's authority.

## CONCLUSION

For the foregoing reasons, this matter is remanded to the New York State Supreme Court, County of Erie. Therefore, it is hereby

ORDERED that Plaintiff's motion for remand, ECF No. 5, is GRANTED, and the Clerk of Court is directed to remand this action to the New York State Supreme Court, County of Monroe. Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of this Order of remand to the clerk of the state court.

SO ORDERED.

Dated: October 14, 2026
Rochester, New York

HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE